141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Francisco CHAPINA, Defendant-Appellant.
 No. 97-10249.
D.C. No. CR-95-40224-SBA.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 10, 1998.
Decided Mar. 20, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Saundra Brown Armstrong, District Judge, Presiding.
 
 
 2
 Before CHOY and REINHARDT, Circuit Judges, and RESTANI, United States Court of International Trade Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Francisco Chapina appeals his conviction on charges related to methamphetamine trafficking. In particular, he challenges the following: 1) the validity of the search of his bedroom; 2) the propriety of the prosecutor's statements to the grand jury; 3) the sufficiency of the evidence to support his conviction; 4) the admission of evidence related to his failure to pay federal income tax; and 5) the district court's decision to enhance his sentence on the ground of obstruction of justice. Although the government's case against Chapina was not overwhelming, none of the issues raised on appeal warrants reversal.
 
 I. The Search
 
 5
 Chapina contends that the search of his bedroom, from which the officers recovered methamphetamine and a sizable sum of U.S. currency, was unlawful, either because 1) the search warrant was overbroad, or 2) the search as executed was overbroad. We disagree with both contentions.
 
 
 6
 The warrant, which authorized the search of the entire house at 935 Diana Avenue, comported with the Warrant Clause's requirement that the warrant "particularly describ[e] the place to be searched and the persons to be seized." U.S. Const. amend IV. There is no evidence that the police officers who applied for the warrant either knew or should have known that there was more than one residence within the house; thus, the officers were not "obligated to exclude [his bedroom] from the scope of the requested warrant ." Maryland v. Garrison, 480 U.S. 79, 85, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). Nothing on the outside of the home indicated that the house had been divided up into distinct living areas. There was not, for example, a separate entrance to the southwest bedroom from the outside, nor was there a separate doorbell or a separate mailbox. See United States v. Ayers, 942 F.2d 1468, 1480 (9th Cir.1991). Furthermore, the fact that an inquiry into the phone and utility bills revealed only one bill for the entire house (even though the bills were under separate names) suggests that the residence had not been formally divided.
 
 
 7
 Nor was the scope of the search unreasonable in light of information that the officers obtained during the course of their search. See Garrison, 480 U.S. at 85. Chapina principally relies on the fact that he and his wife told the officers executing the search that the southwest bedroom was a distinct residence to support his argument that the search was overly broad. Additionally, he points out the fact that his bedroom had a separate lock. These facts are, however, insufficient to establish that the search, as executed, was overly broad. See Ayers, 942 F.2d at 1480; see also United States v. Kyles, 40 F.3d 519, 524 (2d Cir.1994).
 
 II. The Grand Jury
 
 8
 Chapina's second claim of error relates to the prosecutor's conduct in front of the grand jury. He maintains that the prosecutor presented extraneous, prejudicial information and made several misleading statements, all of which improperly influenced the grand jury's decision to indict. The district court refused to draw on its supervisory powers to dismiss the indictment. See United States v. Isgro, 974 F.2d 1091, 1094 (9th Cir.1992). In order for dismissal based on the court's supervisory powers to be appropriate, we must find that the defendant was actually prejudiced by the alleged prosecutorial misconduct. "Absent such prejudice--that is, absent 'grave doubt that the decision to indict was free from the substantial influence of [the misconduct]'--a dismissal is not warranted." Id. (quoting Bank of Nova Scotia, 487 U.S. at 256).
 
 
 9
 Given the nature of the remarks and the evidence before the grand jury, Chapina failed to establish the requisite "grave doubt" regarding whether, in the absence of the prosecutor's improper remarks, the grand jury would have decided to indict.
 
 III. Sufficiency of the Evidence
 
 10
 Next, Chapina contends that there was insufficient evidence to convict him of the methamphetamine-related offenses. There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government, a jury could reasonably have found all of the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 
 11
 We find the facts of this case distinguishable from United States v. Vasquez-Chan, 978 F.2d 546, 549 (9th Cir.1992), upon which Chapina relies. Unlike the defendants in Vasquez-Chan, who were merely a housekeeper and a houseguest temporarily residing in the house in which drugs were found, Chapina held the lease for 935 Diana Avenue and was one of the principal residents of the house. In addition, the following incriminating evidence was presented at trial: Chapina placed telephone calls to the undercover agent during which he relayed information to the agent about meeting times and places for drug-related transactions; methamphetamine was found on the floor of his bedroom (the door to which had a separate lock); sizable sums of cash were found in various places in his bedroom; money that had been used by the undercover agent to purchase drugs was found in Chapina's possession; packaging materials (including a tub and a bottle of cutting agent residue) were found in the closet of his bedroom; and only Chapina, his wife, and Pedro Valencia lived in the house at the time.
 
 
 12
 We conclude that the evidence of Chapina's guilt, while not overwhelming, was legally sufficient.
 
 IV. The Income Tax Evidence
 
 13
 At trial, the government introduced IRS records that demonstrated Chapina's failure to file income tax returns from 1988 through 1995. Even assuming that the district court abused its discretion in admitting the evidence, any error was harmless. Showing that Chapina failed to pay taxes probably had little effect on the jury's determination that he possessed the drugs. And, once the jury found that he possessed the amount of methamphetamine involved, there is little question that it could also find that he intended to distribute.
 
 V. Application of the Guidelines
 
 14
 Chapina's final argument is that the district court erred in imposing a two-level enhancement under § 3C1.1 based on the its finding that Chapina lied on the witness stand. Chapina's testimony could hardly be characterized as the result of mistake or confusion; it consisted of a complete denial of his involvement in the drug activities. Assuming the truth of the jury's finding that he was involved, Chapina's testimony to the contrary must have been false.
 
 
 15
 Accordingly, the district court's finding that Chapina committed perjury when he testified is not clearly erroneous.
 
 Conclusion
 
 16
 Because we find that none of Chapina's claims on appeal warrants reversal, we affirm, both as to the conviction and the sentence imposed.
 
 
 17
 AFFIRMED.
 
 
 
 **
 Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3